**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE STEVENS, | : | |
| Individually, and as Administrator | : | |
| of the Estate of Andrew P. Stevens, | : | |
| deceased | : | CIVIL ACTION - LAW |
| Plaintiff | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| CANYON ENVIRONMENTAL LLC | : | |
| ARLAN E.TAFT | : | |
| Defendants | : | No. |

## COMPLAINT

NOW comes Plaintiff, Katherine Stevens, Individually and as Administrator of the Estate of Andrew P. Stevens, deceased, by and through her undersigned counsel, Munley Law, P.C. and aver as follows:

## THE PARTIES

1. Plaintiff Katherine Stevens is a competent adult individual and a citizen of North Carolina, with an address at 319 Shadyrock Path, Richlands, North Carolina.

2. Defendant Canyon Environmental, LLC, upon information and belief is a limited liability corporation and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 114 Route 660, Mansfield, Pennsylvania.

3.   Defendant Arlan E. Taft, upon information and belief, is a competent adult individual and a citizen of Pennsylvania, with an address at 45 Termaine Road, Tioga, Pennsylvania.

4.   Plaintiff Katherine Stevens was appointed Administrator of the Estate of Andrew P. Stevens on February 27, 2015 by the State of North Carolina and Onslow County, File No. 15-E-150.

5.   Prior to his death, Andrew P. Stevens was a citizen of North Carolina with an address at 319 Shadyrock Path, Richlands, North Carolina.

6.   Pursuant to 28 U.S.C. § 1332(c)(2), the Estate of Andrew P. Stevens is deemed a citizen of North Carolina.

## JURISDICTION AND VENUE

7.   The amount in controversy in this matter exceeds the sum or value of $75,000.

8.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

9.   Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

10. Venue is proper pursuant to 28 U.S.C. §1391(b), as Defendants Canyon

Environmental, LLC  and Arlan E. Taft reside within the Middle District of

Pennsylvania and all Defendants are residents of Pennsylvania.

## FACTUAL ALLEGATIONS

11.  At all times pertinent hereto, upon information and belief, Defendant Arlan

E. Taft was the agent, servant, workman, contractor and/or employee of Defendant

Canyon Environmental, LLC and was acting within the course and scope of his

agency and/or employment.

12.  At all times pertinent hereto, upon information and belief, Defendant

Canyon Environmental, LLC was the owner of a 2006 International Harvester

Straight Tanker Truck, Pennsylvania License Plate number AG30316, operated by

Defendant Arlan E. Taft.

13.  On or about January 2, 2015, Plaintiff's decedent, Andrew P. Stevens was

operating a 2013 Dodge Durango, Pennsylvania License Plate number HVE1555.

14.  On the aforementioned date, at approximately 4:21 p.m., Plaintiff's

decedent, Andrew P. Stevens was traveling west on State Route 3004, in

Springville Township, Susquehanna County, Pennsylvania and was lawfully

stopped behind a 2013 Kenworth T800 Tanker truck operated by Eric J. Heffner.

15.  The aforementioned 2013 Kenworth T800 Tanker Truck was lawfully

stopped behind a 2012 Kenworth T800 Tanker Truck operated by Bradley A.

Powers who was lawfully stopped at a stop sign at the intersection of State Route

3004 and State Route 29.

16.   On the aforementioned date and time, Defendant Arlan E. Taft, while operating the aforementioned Straight Tanker Truck weighting 78,000 lbs. proceeded west on State Route 3004 behind the Dodge Durango, operated by Plaintiff's decedent Andrew P. Stevens.

17.   Defendant Taft operated the aforementioned Straight Tanker Truck in such a negligence, reckless, and careless manner that he failed to properly shift his vehicle prior to descending a hill, attempted to downshift while descending the hill, lost control of his vehicle and failed to stop for traffic which was stopped in front of him bringing the front of his vehicle into forcible and violent contact with the rear of Plaintiff's decedent Andrew P. Stevens' vehicle.

18.   The force of the impact propelled Plaintiff's decedent, Andrew P. Stevens' vehicle forward causing it to violently collide with the 2013 Kenworth T800 Tanker Truck operated by Eric J. Heffner that was stopped in front of Plaintiff's decedent, Andrew P. Stevens' vehicle.

19.   The force of that impact propelled the vehicle operated by Eric J. Heffner forward causing it to violent collide with the 2012 Kenworth T800 Fracking Tank operated by Bradley A. Powers.

20.   The force of the collision compressed the Dodge Durango operated by Plaintiff's decedent Andrew P. Stevens between the Defendant's Straight Tanker

Truck and the 2013 Kenworth T800 Tanker Truck Tank operated by Eric J. Heffner.

21.  As a result of the collision, the vehicle operated by Plaintiff's decedents, Andrew P. Stevens and the Straight Tanker Truck operated by Defendant Taft burst into flames.

22. The fire engulfed the 2013 Dodge Durango driven by Plaintiff's decedent Andrew P. Stevens.

23. Plaintiff's decedent Andrew P. Stevens was trapped inside the 2013 Dodge Durango, and was conscious of the situation.

24.  As a direct and proximate result of the negligent, careless, gross, wanton, and reckless conduct of Defendants as hereinafter set forth more fully at length, Plaintiffs' decedent Andrew P. Stevens suffered the following: crushing injury of chest, abdomen and pelvis, multiple bilateral rib fractures, fractured sternum, soft tissue hemorrhage;  bilateral hemothoraces, torn hilar vessels bilaterally, ruptured left diaphragm with herniation of stomach and spleen into left hemithorax, focally hemorrhage lung parenchyma due to blunt bilateral impact, partially transected liver with hemoperitoneum, fractured pelvis, torn bladder wall, fractured vertebral column at T3, fractured distal forearms, and severe burns all of which caused him great pain and suffering and resulted in his death.

25.  As a direct and proximate result of the negligence, careless, gross, wanton,

and reckless conduct of Defendants as hereinafter set forth more fully, the children of Plaintiff's decedent, Andrew P. Stevens, suffered the loss of their father.

26. As a direct and proximate result of the negligence, careless, gross, wanton, and reckless conduct of Defendants as hereinafter set forth more fully, Plaintiff Katherine Stevens suffered the loss of her husband.

27. As a direct and proximate result of the negligence, careless, gross, wanton, and reckless conduct of Defendants as hereinafter set forth more fully, decedent Andrew P. Stevens has suffered a complete and permanent loss of future income and benefits.

28. As a direct and proximate result of the negligence, careless, gross, wanton, and reckless conduct of Defendants as hereinafter set forth more fully, Plaintiff's decedent suffered conscious physical and mental pain and suffering prior to his death.

## COUNT ONE

Katherine Stevens, Administrator of the Estate of

Andrew P. Stevens v. Canyon Environmental, LLC

### Survival Action

29.  Paragraphs 1-28 above are incorporated herein by reference as if fully set forth here at length.

30.  Katherine Stevens, Administrator of the Estate of Andrew P. Stevens

Case 3:15-cv-02172-JEJ   Document 1   Filed 11/12/15   Page 7 of 39


brings this action on behalf of the Estate of Andrew P. Stevens, as administrator of the estate under and by virtue of the Probate, Estate and Fiduciary Code of Pennsylvania, 20 Pa.C.S.A. §3373 and the Pennsylvania Survival Act, 42 Pa.C.S.A. §8302.

31.  The decedent, Andrew P. Stevens, did not institute suit during his lifetime against Defendant Canyon Environmental, LLC in this action for the damages resulting from or the injuries caused by the negligent acts and omissions which resulted in harm to, and the eventual death of Andrew P. Stevens.

32.  The aforementioned accident was due to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Canyon Environmental, LLC and in no way due to any negligent act or failure to act on the part of the Plaintiff's decedent Andrew P. Stevens.

33.  As a result of the negligent acts and omissions of Defendant Canyon Environmental, LLC as set forth in this Complaint, decedent Andrew P. Stevens sustained pain and suffering, both physical and mental, prior to his death.

34.  The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Canyon Environmental, LLC, in its own right and by and through the acts and or omissions of the Defendant Arlan E. Taft, who at all times relevant hereto was acting as the agent, servant, employee and/or workman of Defendant Canyon Environmental, LLC and was in the course and scope of such

agency, service, employment, and/or work at the time of the collision in this case, consisted of the following:

      a.      Failure to keep a proper lookout;

      b.      Failure to properly observe the roadway;

      c.      Failure to brake his vehicle;

      d.      Failure to properly control his vehicle;

      e.      Failure to take proper and evasive action;

      f.      Failure to keep his eyes on the roadway;

      g.      Failure to maneuver his vehicle so as to avoid a collision;

      h.      Following too closely behind Plaintiff's decedent, Andrew P. Stevens' vehicle in violation of 75 Pa. C.S.A. §3310(a);

      i.      Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

      j.      Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

      k.      Failing to properly shift his vehicle into a low gear before descending a hill;

      l.      Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's decedent Andrew P. Stevens' vehicle;

      m.      Operating his commercial motor vehicle without due regard for

the rights, safety, and position of Plaintiff's decedent, Andrew P. Stevens lawfully on the roadway;

n.  Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

o.  Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

p.  Operating his vehicle so recklessly that he placed Plaintiff's decedent Andrew P. Stevens in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

q.  Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

r.  Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Springville Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

s.  Failure to adequately inspect the Straight Tanker Truck prior to operating the vehicle in that the brakes were out of adjustment;

9

t.      Failure to inspect the vehicle prior to operating the vehicle;

u.      Failure to give warning of his approach;

v.      Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

w.      Failure to slow down in light of the conditions then and there existing;

x.      Failure to slow down on approaching an intersection in light of the conditions then and there existing;

y.      Lacking the required knowledge for mountain driving in violation of 49 C.F.R. §383.111;

z.      Lacking the required knowledge for shifting in violation of 49 C.F.R. §383.11;

aa.     Improperly shifting his vehicle so as to cause his engine braking to fail;

bb.     Incorrectly using his brakes so that he caused his brakes to fail;

cc.     Downshifting to the extent that he was not able to get back in gear;

dd.     Failure to rely on engine braking;

ee.     Operating his vehicle while being distracted and/or fatigued;

ff.     Operating his vehicle in violation of the rules and regulations of

the Federal Motor Carrier Safety Regulations;

gg.     Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

hh.     Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ii.     Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

jj.     Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

kk.     Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

ll.     Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

mm.     Operating his vehicle in violation of the laws, ordinances and regulations of Pennsylvania and Springville Township in

violation of 49 C.F.R. §392.2;

nn.     Operating his vehicle when he knew or should have known that he was unfit to do so;

oo.     Failure to record his duty status properly in violation of 49 CFR §395.8; and

pp.     Such other and further acts or omissions which shall be discovered during the course of discovery under the Federal Rules of Civil Procedure.

35.  The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Canyon Environmental, LLC, in its own right, consisted of the following:

a.     Negligently entrusting Defendant Arlan E. Taft with its vehicle when it knew or should have known that Defendant Arlan E. Taft lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b.     Failing to adequately instruct Defendant Arlan E. Taft in the safe operation of the vehicle prior to entrusting him with it;

c.     Failing to prevent Defendant Arlan E. Taft from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

d.      Failing to adequately ascertain that Defendant Arlan E. Taft lacked the ability necessary to safely operate the vehicle under the circumstances;

e.      Failure to provide Defendant Arlan E. Taft with the equipment necessary to safely operate the vehicle;

f.      Failure to properly qualify Defendant Arlan E. Taft as required by 49 CFR §391 et seq.;

g.      Failure to adequately maintain and inspect the Straight Tanker Truck;

h.      Failure to maintain the brakes on the Straight Tanker Truck;

i.      Failure to adequately inspect the Straight Tanker Truck prior to allowing Defendant Arlan E. Taft to operate the vehicle in that the brakes were out of adjustment;

j.      Failure to adequately train and oversee their employees, including Defendant Arlan E. Taft, in the inspection and operation of their Straight Tanker Trucks;

k.      Permitting Defendant Arlan E. Taft to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR §392.3;

l.      Permitting Defendant Arlan E. Taft to operate its vehicle when

it knew or should have known that he was unfit to do so;

m.      Permitting Defendant Arlan E. Taft to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

n.      Permitting Defendant Arlan E. Taft to operate its vehicle when it knew or should have known that the requirements for Defendant Arlan E. Taft to earn income from operating its vehicle would cause Defendant Arlan E. Taft to violate the rules of the road and/or drive while distracted and/or fatigued;

o.      Scheduling a run and/or requiring Defendant Arlan E. Taft to operate its vehicle between points in such periods of time as would necessitate Defendant Arlan E. Taft to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

p.      Permitting Defendant Arlan E. Taft to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR §395.3;

q.      Failure to operate, maintain, inspect and repair its vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations, particularly 49 C.F.R. §396.3, and Pennsylvania

statutes and regulations;

r.     Failure to require Defendant Arlan E. Taft to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

s.     Aiding, abetting, encouraging and/or requiring Defendant Arlan E. Taft to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

t.     Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

u.     Failure to provide Defendant Arlan E. Taft with proper training necessary to drive the vehicle;

v.     Failure to properly supervise Defendant Arlan E. Taft in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations; and

w.     Such other and further acts or omissions which shall be discovered during the course of discovery under the Federal Rules of Civil Procedure.

36.  As a result of the negligent acts and omissions of Defendant Canyon Environmental, LLC as set forth in this Complaint, Plaintiff's decedent Andrew P. Stevens sustained conscious pain and suffering, both mental and physical, prior to

his death.

37. As a result of the negligent acts and omissions of Defendant Canyon Environmental, LLC as set forth in this Complaint, Plaintiff's decedent Andrew P. Stevens died and thus sustained a complete loss of his future income and earnings.

WHEREFORE, Plaintiff, Katherine Stevens, Administrator of the Estate of Andrew P. Stevens, deceased, demands judgment in her favor and against Defendant Canyon Environmental, LLC in an amount in excess of $75,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT TWO

Katherine Stevens, Administrator of the Estate of

Andrew P. Stevens v. Canyon Environmental, LLC

### Wrongful Death Action

38. Paragraphs 1-37 above are incorporated herein by reference as if fully set forth here at length.

39. Plaintiff, Katherine Stevens, Administrator of the Estate of Andrew P. Stevens, deceased brings this action pursuant to the Pennsylvania Wrongful Death statute, 42 Pa.C.S.A. §8301 on behalf of the following persons who are the only persons entitled to recover damages in this action resulting from the death of Andrew P. Stevens, deceased:

   a. Katherine Stevens, residing at 319 Shadyrock Path, Richlands, North

Carolina.

    b.  H.S., a minor, residing at 319 Shadyrock Path, Richlands, North

       Carolina.

    c.  L.S., a minor, residing at 319 Shadyrock Path, Richlands, North

       Carolina.

40.  No other action for wrongful death of the decedent has been commenced against any of the Defendants in the instant case.

41.  As a result of the negligence of Defendant Canyon Environmental, LLC and the resulting death of the decedent Andrew P. Stevens, Plaintiff Katherine Stevens, Administrator of the Estate of Andrew P. Stevens, deceased, has incurred medical, funeral, burial, estate and administrative expenses.

42.  Also as a result of the negligence and carelessness of Defendant Canyon Environmental, LLC and the resulting death of Andrew P. Stevens, deceased, Katherine Stevens, H.S., a minor, and L.S., a minor have suffered a loss of all sums which the decedent Andrew P. Stevens, deceased would have contributed to their support.

43.  Also as a result of the negligence and carelessness of Defendant Canyon Environmental, LLC and the resulting death of Andrew P. Stevens, deceased, Katherine Stevens, H.S., a minor, and L.S., a minor have suffered a loss of the services, society, comfort, companionship, cooperation, affection, assistance,

guidance, teaching, training, advice, education, care, emotional support, and/or moral upbringing of the decedent, Andrew P. Stevens.

WHEREFORE, Plaintiff, Katherine Stevens, Administrator of the Estate of Andrew P. Stevens, deceased, demands judgment in her favor and against Defendant Canyon Environmental, LLC in an amount in excess of $75,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT THREE

Katherine Stevens, Administrator of the Estate of

Andrew P. Stevens v. Canyon Environmental, LLC

### Punitive Damages

44.  Paragraphs 1-43 above are incorporated herein by reference as if fully set forth here at length.

45.  The conduct of Defendant Canyon Environmental, LLC was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including decedent Andrew P. Stevens by and through the acts and /or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Arlan E. Taft.  Defendant Canyon Environmental, LLC and Defendant Arlan E. Taft knew or should have known that an operator of the Defendants Straight Tanker Truck was required to shift into a low gear before descending a hill.  Defendants Canyon Environmental, LLC and Arlan E. Taft also

knew or should have known that failing to shift into a low gear, before descending a hill, would cause difficulty with braking and/or stopping the Straight Tanker Truck while traveling downhill.  Defendants Canyon Environmental, LLC and Arlan E. Taft also knew or should have known that attempting to downshift while descending a hill would cause the operator to lose the ability to control his vehicle. Defendants Canyon Environmental, LLC and Arlan E. Taft knew or should have known that failing to properly shift the vehicle, before descending a hill, could result in severe and/or fatal injuries to other motorist on the roadway.  Despite such knowledge, Defendant Canyon Environmental, LLC, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Arlan E. Taft, failed to properly shift his vehicle into a low gear before descending the hill and attempted to shift while descending the hill causing him to lose control of his vehicle and violently strike the back of Plaintiff's decedent Andrew P. Stevens' vehicle.

46.  Defendants Canyon Environmental, LLC and Arlan E. Taft knew or should have known that operating the vehicle while Defendant Taft was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway.  Furthermore, Defendants Canyon Environmental, LLC and Arlan E. Taft knew or should have known that failing to pay attention to the roadway and/or failing to properly brake his vehicle, and/or operating his vehicle

too fast for the conditions then present, and/or when Defendant Taft was in

violation of the applicable hours of service regulations and/or while he was in

violation of the Federal Motor Carrier Safety Regulations, would result in serious

injury to others driving on the roadway.

47.   Despite such knowledge, Defendant Canyon Environmental, LLC, by and

through the acts and/or omissions of its agents, servants, workmen, and/or

employees, including but not limited to Defendant Arlan E. Taft, nevertheless

failed to keep a proper lookout; failed to properly observe the roadway; failed to

brake his vehicle; failed to properly control his vehicle; failed to take proper and

evasive action; failed to keep his eyes on the roadway; failed to maneuver his

vehicle so as to avoid a collision; followed too closely behind Plaintiff's decedent,

Andrew P. Stevens' vehicle in violation of 75 Pa. C.S.A. §3310(a); failed to

exercise a degree of care which an ordinary and prudent person would have done

under the circumstances; failed to remain attentive and to maintain a sharp lookout

for the conditions of travel; failed to properly shift his vehicle into a low gear

before descending a hill; failed to slow or bring his vehicle to a stop to avoid the

impact with the Plaintiff's decedent Andrew P. Stevens' vehicle; operated his

commercial motor vehicle without due regard for the rights, safety, and position of

Plaintiff's decedent Andrew P. Stevens lawfully on the roadway; operated his

vehicle at a speed greater than that which was reasonable and prudent under the

circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with

willful and wanton disregard for the safety of persons or property in violation of 75

Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff's

decedent Andrew P. Stevens in danger of death and serious bodily injury in

violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in

violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of

the Commonwealth of Pennsylvania; and the ordinances of Springville Township,

Pennsylvania while operating his vehicle on the highways and roadways of the

Commonwealth of Pennsylvania; failed to adequately inspect the Straight Tanker

Truck prior to operating the vehicle in that the brakes were out of adjustment;

failed to inspect the vehicle prior to operating the vehicle; failed to give warning of

his approach; failed to bring his vehicle to a stop within the assured clear distance

ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the

conditions then and there existing; failed to slow down on approaching an

intersection in light of the conditions then and there existing; lacked the required

knowledge for mountain driving in violation of 49 C.F.R. §383.111; lacked the

required knowledge for shifting in violation of 49 C.F.R. §383.11; improperly

shifted his vehicle so as to cause his engine braking to fail; incorrectly used his

brakes so that he caused his brakes to fail; downshifted to the extent that he was

not able to get back in gear; failed to rely on engine braking; operated his vehicle

while being distracted and/or fatigued; operated his vehicle in violation of the rules

and regulations of the Federal Motor Carrier Safety Regulations; failed to operate,

maintain, inspect and repair his vehicle in accordance with the applicable Federal

Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted

in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect

his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of

the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his

vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle

in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely

cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

failed to properly inspect his vehicle prior to driving to ensure it was in safe

operating condition in violation of 49 C.F.R. §396.13; operated his vehicle in

violation of the laws, ordinances and regulations of Pennsylvania and Springville

Township in violation of 49 C.F.R. §392.2; operated his vehicle when he knew or

should have known that he was unfit to do so; failed to record his duty status

properly in violation of 49 CFR §395.8; and engaged in such other and further acts

or omissions which shall be discovered during the course of discovery under the

Federal Rules of Civil Procedure.

48.  The conduct of Defendant Canyon Environmental, LLC was outrageous

and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including decedent Andrew P. Stevens in its own right.  Defendant Canyon Environmental, LLC knew of or should have known that Defendant Arlan E. Taft lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle.  Defendant Canyon Environmental, LLC knew or should have known that the manner in which Defendant Canyon Environmental, LLC conducted its business and compensated their agents, servants, workmen, and/or employees, including but not limited to Defendant Arlan E. Taft, would cause its employees, including Defendant Arlan E. Taft, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant Canyon Environmental, LLC knew or should have known that allowing their employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff's decedent Andrew P. Stevens.  Defendant Canyon Environmental, LLC knew or should have known that permitting Defendant Arlan E. Taft to operate its Straight Tanker Truck when he was not qualified to do so, when he could not do so safely, when he would be operating the water truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway.  Defendant Canyon Environmental, LLC knew or should have know that failing to hire and retain only

competent drivers would result in serious injury to others driving on the roadway.

Defendant Canyon Environmental, LLC knew or should have known that failing to

properly train and supervise its agents, servants, workmen, and/or employees,

including but not limited to Defendant Arlan E. Taft would result in serious injury

to others driving on the roadway.  Specifically, Defendant Canyon Environmental,

LLC knew or should have known that failing to properly train its agents, servants,

workmen, and/or employees, including but not limited to Defendant Arlan E. Taft

on the proper method of shifting and braking its vehicles while descending a hill

would result in serious injury to others driving on the roadway.  Moreover,

Defendant Canyon Environmental, LLC knew or should have known that failing to

inspect, maintain, repair and operate its vehicle in compliance with all applicable

standards and regulations, including but not limited to the Federal Motor Carrier

Safety regulations would result in serious injury to others driving on the roadway.

49.  Despite such knowledge, Defendant Canyon Environmental, LLC

nevertheless, negligently entrusted Defendant Arlan E. Taft with its vehicle when it

knew or should have known that Defendant Arlan E. Taft lacked sufficient skill,

judgment, and prudence in the operation of the vehicle; failed to adequately

instruct Defendant Arlan E. Taft in the safe operation of the vehicle prior to

entrusting him with it; failed to prevent Defendant Arlan E. Taft from operating the

vehicle until he had sufficient ability to operate the motor vehicle safely; failed to

adequately ascertain that Defendant Arlan E. Taft lacked the ability necessary to safely operate the vehicle under the circumstances; failed to provide Defendant Arlan E. Taft with the equipment necessary to safely operate the vehicle; failed to properly qualify Defendant Arlan E. Taft as required by 49 CFR §391 et seq.; failed to adequately maintain and inspect the Straight Tanker Truck; failed to maintain the brakes on the Straight Tanker Truck; failed to adequately inspect the Straight Tanker Truck prior to allowing Defendant Arlan E. Taft to operate the vehicle in that the brakes were out of adjustment; failed to adequately train and oversee their employees, including Defendant Arlan E. Taft, in the inspection and operation of their Straight Tanker Truck; permitted Defendant Arlan E. Taft to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR §392.3; permitted Defendant Arlan E. Taft to operate its vehicle when it knew or should have known that he was unfit to do so; permitted Defendant Arlan E. Taft to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued; permitted Defendant Arlan E. Taft to operate its vehicle when it knew or should have known that the requirements for Defendant Arlan E. Taft to earn income from operating its vehicle would cause Defendant Arlan E. Taft to violate the rules of the road and/or drive while distracted and/or fatigued; scheduled a run and/or requiring Defendant Arlan E. Taft to operate its vehicle between points in such periods of

time as would necessitate Defendant Arlan E. Taft to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6; permitted Defendant Arlan E. Taft to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR §395.3; failed to operate, maintain, inspect and repair its vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations, particularly 49 C.F.R. §396.3, and Pennsylvania statutes and regulations; failed to require Defendant Arlan E. Taft to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Arlan E. Taft to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to provide Defendant Arlan E. Taft with proper training necessary to drive the vehicle; failed to properly supervise Defendant Arlan E. Taft in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations; and engaging in such other and further acts or omissions which shall be discovered during the course of discovery under the Federal Rules of Civil Procedure.

50.  All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff's decedent Andrew P. Stevens.  As a result Plaintiff is seeking an award of punitive damages against Defendant Canyon Environmental, LLC.

WHEREFORE, Plaintiff, Katherine Stevens, Administrator of the Estate of Andrew P. Stevens, deceased, demands judgment in her favor and against Defendant Canyon Environmental, LLC in an amount in excess of $75,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT FOUR

Katherine Stevens, Administrator of the Estate of

Andrew P. Stevens v. Arlan E. Taft

### Survival Action

51. Paragraphs 1-50 above are incorporated herein by reference as if fully set forth herein at length.

52. Katherine Stevens, Administrator of the Estate of Andrew P. Stevens brings this action on behalf of the Estate of Andrew P. Stevens, as administrator of the estate under and by virtue of the Probate, Estate and Fiduciary Code of Pennsylvania, 20 Pa.C.S.A. §3373 and the Pennsylvania Survival Act, 42 Pa.C.S.A. §8302.

53. The decedent Andrew P. Stevens did not institute suit during his lifetime against Defendant Arlan E. Taft in this action for the damages resulting from or the injuries caused by the negligent acts and omissions which resulted in harm to, and the eventual death of Andrew P. Stevens.

54. The aforementioned accident was due to the negligent conduct, careless

conduct and gross, wanton and reckless conduct of Defendant Arlan E. Taft and in no way due to any negligent act or failure to act on the part of the Plaintiff's decedent Andrew P. Stevens.

55.  As a result of the negligent acts and omissions of Defendant Arlan E. Taft as set forth in this Complaint, decedent Andrew P. Stevens sustained pain and suffering, both physical and mental, prior to his death.

56.  The negligent conduct, careless conduct and gross wanton and reckless conduct of Defendant Arlan Taft, consisted of the following:

    a.      Failure to keep a proper lookout;

    b.      Failure to properly observe the roadway;

    c.      Failure to brake his vehicle;

    d.      Failure to properly control his vehicle;

    e.      Failure to take proper and evasive action;

    f.      Failure to keep his eyes on the roadway;

    g.      Failure to maneuver his vehicle so as to avoid a collision;

    h.      Following too closely behind Plaintiff's decedent, Andrew P. Stevens' vehicle in violation of 75 Pa. C.S.A. §3310(a);

    i.      Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

    j.      Failure to remain attentive and to maintain a sharp lookout for

the conditions of travel;

k.      Failing to properly shift his vehicle into a low gear before descending a hill;

l.      Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's decedent Andrew P. Stevens' vehicle;

m.      Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff's decedent, Andrew P. Stevens lawfully on the roadway;

n.      Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

o.      Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

p.      Operating his vehicle so recklessly that he placed Plaintiff's decedent Andrew P. Stevens in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

q.      Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

r.      Failure to obey the rules of the road, the statutes of the

Commonwealth of Pennsylvania; and the ordinances of

Springville Township, Pennsylvania while operating his vehicle

on the highways and roadways of the Commonwealth of

Pennsylvania;

s.      Failure to adequately inspect the Straight Tanker Truck prior to

operating the vehicle in that the brakes were out of adjustment;

t.      Failure to inspect the vehicle prior to operating the vehicle;

u.      Failure to give warning of his approach;

v.      Failure to bring his vehicle to a stop within the assured clear

distance ahead in violation of 75 Pa.C.S.A. §3361;

w.      Failure to slow down in light of the conditions then and there

existing;

x.      Failure to slow down on approaching an intersection in light of

the conditions then and there existing;

y.      Lacking the required knowledge for mountain driving in

violation of 49 C.F.R. §383.111;

z.      Lacking the required knowledge for shifting in violation of 49

C.F.R. §383.11;

aa.     Improperly shifting his vehicle so as to cause his engine

braking to fail;

bb.     Incorrectly using his brakes so that he caused his brakes to fail;

cc.     Downshifting to the extent that he was not able to get back in gear;

dd.     Failure to rely on engine braking;

ee.     Operating his vehicle while being distracted and/or fatigued;

ff.     Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

gg.     Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

hh.     Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ii.     Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

jj.     Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

kk.     Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R.

§396.7;

ll.    Failing to properly inspect his vehicle prior to driving to ensure
       it was in safe operating condition in violation of 49 C.F.R.
       §396.13;

mm.    Operating his vehicle in violation of the laws, ordinances and
       regulations of Pennsylvania and Springville Township in
       violation of 49 C.F.R. §392.2;

nn.    Operating his vehicle when he knew or should have known that
       he was unfit to do so;

oo.    Failure to record his duty status properly in violation of 49 CFR
       §395.8; and

pp.    Such other and further acts or omissions which shall be
       discovered during the course of discovery under the Federal
       Rules of Civil Procedure.

57.  As a result of the negligent acts and omissions of Defendant Arlan E. Taft
as set forth in this Complaint, decedent Andrew P. Stevens sustained conscious
pain and suffering, both mental and physical, prior to his death.

58.  As a result of the negligent acts and omissions of Defendant Arlan E. Taft
as set forth in this Complaint, decedent Andrew P. Stevens died and thus sustained
a complete loss of his future income and earnings.

WHEREFORE, Plaintiff, Katherine Stevens, Administrator of the Estate of Andrew P. Stevens, deceased, demands judgment in her favor and against Defendant Arlan E. Taft in an amount in excess of $75,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

### COUNT FIVE

Katherine Stevens, Administrator of the Estate of

Andrew P. Stevens v. Arlan E. Taft

**Wrongful Death Action**

59.  Paragraphs 1-58 above are incorporated herein by reference as if fully set forth herein at length.

60.  Plaintiff, Katherine Stevens, Administrator of the Estate of Andrew P. Stevens, deceased brings this action pursuant to the Pennsylvania Wrongful Death statute, 42 Pa.C.S.A. §8301 on behalf of the following persons who are the only persons entitled to recover damages in this action resulting from the death of Andrew P. Stevens, deceased:

     a.  Katherine Stevens, residing at 319 Shadyrock Path, Richlands, North Carolina.

     b.  H.S., a minor, residing at 319 Shadyrock Path, Richlands, North Carolina.

     c.  L.S., a minor, residing at 319 Shadyrock Path, Richlands, North

Carolina.

61.  No other action for wrongful death of the decedent has been commenced against any of the Defendants in the instant case.

62.  As a result of the negligence of Defendant Arlan E. Taft and the resulting death of the decedent Andrew P. Stevens, Plaintiff Katherine Stevens, Administrator of the Estate of Andrew P. Stevens, deceased, has incurred medical, funeral, burial, estate and administrative expenses.

63.  Also as a result of the negligence and carelessness of Defendant Arlan E. Taft and the resulting death of Andrew P. Stevens, deceased, Katherine Stevens, H.S., a minor, and L.S., a minor have suffered a loss of all sums which the decedent Andrew P. Stevens, deceased would have contributed to their support.

64.  Also as a result of the negligence and carelessness of Defendant Arlan E. Taft and the resulting death of Andrew P. Stevens, deceased, Katherine Stevens, H.S., a minor, and L.S., a minor have suffered a loss of the services, society, comfort, companionship, cooperation, affection, assistance, guidance, teaching, training, advice, education, care, emotional support, and/or moral upbringing of the decedent, Andrew P. Stevens.

WHEREFORE, Plaintiff, Katherine Stevens, Administrator of the Estate of Andrew P. Stevens, deceased, demands judgment in her favor and against Defendant Arlan E. Taft in an amount in excess of $75,000.00 plus delay damages,

costs and such other relief as this Court deems appropriate.

## COUNT SIX

Katherine Stevens, Administrator of the Estate of Andrew P. Stevens v. Arlan

E. Taft

### Punitive Damages

65.  Paragraphs 1-64 above are incorporated herein by reference as if fully set forth herein at length.

66.  The conduct of Defendant Arlan E. Taft was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff's decedent Andrew P. Stevens.  Defendant Arlan E. Taft knew or should have known that he was required to shift into a low gear before descending a hill.  Defendant Arlan E. Taft also knew or should have known that failing to shift into a low gear, before descending a hill, would cause difficulty with braking and/or stopping the Straight Tanker Truck while traveling downhill. Defendant Arlan E. Taft also knew or should have known that attempting to downshift while descending a hill would cause him to lose the ability to control his vehicle.  Defendant Arlan E. Taft knew or should have known that failing to properly shift his vehicle, before descending a hill, could result in severe and/or fatal injuries to other motorist on the roadway.  Despite such knowledge Defendant Taft failed to properly shift his vehicle into a low gear before descending the hill

and attempted to shift while descending the hill causing him to lose control of his

vehicle and violently strike the back of Plaintiff's decedent Andrew P. Stevens'

vehicle.

67.  Defendant Arlan E. Taft knew or should have known that operating his

vehicle when he was too fatigued to do so safely and/or while being distracted,

operating his vehicle without regard for the vehicles in front of him, driving at an

unsafe speed and following too closely would result in serious injury to others

driving on the roadway.  Furthermore, Defendant Arlan E. Taft knew or should

have known that failing to pay attention to the roadway and/or failing to properly

brake his vehicle, and/or operating his vehicle too fast for the conditions then

present, and/or when he was in violation of the applicable hours of service

regulations and/or while he was in violation of the Federal Motor Carrier Safety

Regulations, would result in serious injury to others driving on the roadway.

68.  Despite such knowledge, Defendant Arlan E. Taft nevertheless failed to

keep a proper lookout; failed to properly observe the roadway; failed to brake his

vehicle; failed to properly control his vehicle; failed to take proper and evasive

action; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as

to avoid a collision; followed too closely behind Plaintiff's decedent, Andrew P.

Stevens' vehicle in violation of 75 Pa. C.S.A. §3310(a); failed to exercise a degree

of care which an ordinary and prudent person would have done under the

circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to properly shift his vehicle into a low gear before descending a hill; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's decedent Andrew P. Stevens' vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff's decedent Andrew P. Stevens lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff's decedent Andrew P. Stevens in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Springville Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to adequately inspect the Straight Tanker Truck prior to operating the vehicle in that the brakes were out of adjustment; failed to inspect the vehicle prior to operating the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there

existing; failed to slow down on approaching an intersection in light of the conditions then and there existing; lacked the required knowledge for mountain driving in violation of 49 C.F.R. §383.111; lacked the required knowledge for shifting in violation of 49 C.F.R. §383.11; improperly shifted his vehicle so as to cause his engine braking to fail; incorrectly used his brakes so that he caused his brakes to fail; downshifted to the extent that he was not able to get back in gear; failed to rely on engine braking; operated his vehicle while being distracted and/or fatigued; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle in violation of the laws, ordinances and regulations of Pennsylvania and Springville

Township in violation of 49 C.F.R. §392.2; operated his vehicle when he knew or should have known that he was unfit to do so; failed to record his duty status properly in violation of 49 CFR §395.8; and engaged in such other and further acts or omissions which shall be discovered during the course of discovery under the Federal Rules of Civil Procedure.

69.  All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff's decedent Andrew P. Stevens.  As a result Plaintiffs are seeking an award of punitive damages against Defendant Arlan E. Taft.

WHEREFORE, Plaintiff, Katherine Stevens, Administrator of the Estate of Andrew P. Stevens, deceased, demands judgment in her favor and against Defendant Arlan E. Taft in an amount in excess of $75,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

**Munley Law PC**

BY:   /s/ Marion K. Munley
        Marion K. Munley
        ID No.: 46957

        /s/ Robert W. Munley, III
        Robert W. Munley, III
        ID No.: 79706

        /s/ James Christopher Munley
        James Christopher Munley
        ID No.: 72987
        Attorneys for Plaintiff