**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE STEVENS, | : | |
| Individually, and as Administrator | : | |
| of the Estate of Andrew P. Stevens, | : | |
| deceased | : | CIVIL ACTION - LAW |
| Plaintiff | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| CANYON ENVIRONMENTAL LLC | : | JUDGE JONES |
| ARLAN E. TAFT | : | |
| Defendants | : | No.   3:15 CV 02172 |

**MUNLEY LAW, P.C.**

By:  /s/ Marion Munley
      Marion Munley
      ID No. 46957
      Attorney for Plaintiff

**Plaintiff's Points for Charge No. 1:**

The law provides:

All CMV operators must have knowledge of the following . . . areas

Shifting. The basic shifting rules and terms for common transmissions, including:

**(i)** Key elements of shifting, e.g., controls, when to shift, and double clutching;
**(ii)** Shift patterns and procedures; and
**(iii)** Consequences of improper shifting.

49 CFR 383.111(a)(5)

The law provides:

All CMV operators must have knowledge of the following . . . areas

Extreme driving conditions. The basic information on operating in extreme driving conditions and the hazards encountered in such conditions, including:

**(iii)** Mountain driving.

49 CFR 383.111(a)(12)

The law provides:

All CMV operators must have knowledge of the following . . . areas

Mountain driving. Practices that are important when driving upgrade and downgrade, including:

**(i)** Selecting a safe speed;
**(ii)** Selecting the right gear; and
**(iii)** Proper braking techniques.

49 CFR 383.111(a)(19)

The law provides:

> all brakes with which a motor vehicle is equipped must at all times be capable of operating.

49 CFR 393.48

The law provides:

> A person shall not drive a commercial motor vehicle unless he is qualified to drive a commercial motor vehicle. . . . [A] motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.
>
>  . . . a person is qualified to drive a motor vehicle if he/she -- . . .
>
> Can, by reason of experience, training, or both, safely operate the type of commercial motor vehicle he/she drives;

49 CFR 391.11

> Whenever . . . . a duty is prescribed for a driver or a prohibition is imposed upon the driver [in the Federal Motor Carrier Safety Regulations], it shall be the duty of the motor carrier to require observance of such duty or prohibition.

49 CFR 390.11

The law provides:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist

with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa. C.S.A. § 3361

The law provides:

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.

75 Pa. C.S.A. § 3310(a)

Plaintiff claims that Defendant violated these laws.

If you find that Arlan E. Taft violated any of these laws, you must find that Arlan E. Taft was negligent.

If you find that Arlan E. Taft did not violate any of these laws, then you must still decide whether Arlan E. Taft was negligent because he failed to act as a reasonably careful person would under the circumstances established by the evidence in this case.

Pennsylvania Suggested Standard Civil Jury Instruction, 4th Edition, §13.100.

Affirmed   _____                    Denied      _____

**<u>Plaintiff's Points for Charge No. 2:</u>**

 Assured clear distance rule requires that the driver maintain such control as will enable him to stop and avoid obstructions that fall within his vision.

 The duty of a driver of motor vehicle to have his vehicle under proper control at all times means that he must have it under such control that it can be stopped before doing injury in any situation that is reasonably likely to arise under the circumstances.

 One who is operating a motor vehicle upon the highway is under a duty to be continuously alert, to perceive any warning of danger that is reasonably likely to exist and to have one's vehicle under such control that injury to persons or property can be averted.

<u>Dranzo v. Winterhalter</u>, 577 A.2d 1349, 395 Pa. Super. 578 (1990);

<u>Adley Express Co. v. Willard</u>, 93 A.2d 676 (Pa. 1953);

<u>Wilson Freight v. Seal</u>, 367 Pa. 18, 79 A.2d 648 (1951).

 Affirmed   _____         Denied   _____

**<u>Plaintiff's Points for Charge No. 3:</u>**

 A person should not authorize/permit his or her vehicle to be driven by someone he or she knows or should have known would create an unreasonable risk of harm to others while operating/driving the vehicle.

Pennsylvania Suggested Standard Civil Jury Instruction, 4th Edition, §13.71.

 Affirmed   _____        Denied   _____

**Plaintiff's Points for Charge No. 4:**

 A Company that conducts an activity through servants or other agents is liable for harm to others if the person is negligent or reckless:

  First, in the employing an improper persons or instrumentality in work involving risk of harm to others;

  Second, in supervising the activity; or

  Third, in permitting, or failing to prevent, negligent or other wrongful conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

 In determining whether Canyon Environmental was negligent or reckless in hiring, supervising, or retaining Arlan E. Tatf, you should consider whether Canyon Environmental knew, or should have known, that Arlan E. Taft possessed certain characteristics or propensities, or was engaging in behavior or conduct that rendered him unfit or incompetent to work in the position with Canyon Environmental.

Pennsylvania Suggested Standard Civil Jury Instruction, 4th Edition, §6.120.

 Affirmed   _____     Denied   _____

**Plaintiff's Points for Charge No. 5:**

    Plaintiff claims Arlan E. Taft and Canyon Environmental's conduct was not only negligent but was reckless.

    Reckless conduct is significantly worse than negligent conduct.

    The risk that harm will be caused by conduct that is reckless is higher than the risk that harm will be caused by conduct that is negligent. A person can be reckless by acting or by failing to act.

    To prove that Defendant was reckless, Plaintiff must prove the following:

        1. Defendant knew a danger exists and;

        2. Defendant intentionally acted or failed to act in conscious disregard of the likelihood of harm to others.

    Alternatively,

        1. Defendant should have known harm was certain to occur or reasonably certain to occur; and

        2. Defendant intentionally acted or failed to act in conscious disregard of the likelihood of harm to others.

Pennsylvania Suggested Standard Civil Jury Instruction, 4th Edition, §13.60;

    Affirmed   _____          Denied   _____

**Plaintiff's Points for Charge No. 6:**

    The Defendant's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

Restatement (2d) of Torts, §500.

    A guilty plea constitutes an admission to all facts alleged in the criminal indictment. These admissions are conclusive evidence in a civil suit that arises out of the same events. Defendant Arlan E. Taft has pled guilty to recklessly endangering another person and reckless driving in connection with his actions that lead to this crash. Therefore, Defendant Taft's pleas are conclusive evidence that he acted recklessly.

Smith v. Hartford Ins. Co., 1998 U.S. Dist. LEXIS 2947, at *11 (E.D. Pa. 1998) (citing Stidham v. Millvale Sportsmen's Club, 421 Pa. Super. 548, 618 A.2d 945, 952 (1992), *allocatur denied*, 536 Pa. 630, 637 A.2d 290 (1993));

Folino v. Young, 523 Pa. 532, 535, 568 A.2d 171, 172 (1990).

    Affirmed  _____           Denied  _____

**Plaintiff's Points for Charge No. 7:**

If you find that the conduct of the defendant was outrageous, you may award punitive damages, as well as any compensatory damages, in order to punish the defendant for his conduct and to deter the defendant and others from committing similar acts.

A person's conduct is outrageous when it is malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others.

To obtain punitive damages, a Plaintiff must show that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and (2) that he acted, or failed to act, as the case may be, in conscious disregard of the risk."

Pennsylvania Suggested Standard Civil Jury Instructions (Fourth) §8.00;

<u>Hutchinson ex rel Hutchinson v. Luddy</u>, 870 A.2d 766, 772 (Pa. 2005).

    Affirmed   _____           Denied   _____

**Plaintiff's Points for Charge No. 8:**

If you find that Plaintiff proved Defendants' negligence factually caused Andrew Stevens' Death you must award Plaintiffs money damages.

Plaintiff's claim several types of damages.

This instruction explains two of them.

First, Plaintiffs seek damages to compensate Andrew Stevens survivors, his spouse and his children for the losses they sustained as a result of Andrew Stevens' death.

Second, Plaintiff seek compensation for the harm Defendants' negligence caused Andrew Stevens. These damages are for damages to Andrew Stevens between the time of the injury and his death, as well as for the loss of income from the time of his death until his natural life expectancy. These damages arise from Andrew Stevens right under the law to receive money damages as a result of the Defendants negligence.

  A. Under the first claim, concerning the children spouses losses as a result of their parent or spouses death:

    1. Plaintiff is entitled to be compensated for all hospital, medical, funeral, burial, and estate administration expenses.

    2. Plaintiff are entitled to be compensated the amount of money decedent Andrew Stevens would have spent to support his spouse and children from the date of his death until the end of his life expectancy.

    "Support" includes the cost of food, clothing, shelter, transportation, medical expenses, gifts, insurance, education, entertainment, and recreation.

    3. Plaintiff is entitled to be compensated the amount of money that fairly and adequately compensates Katherine Stevens for losing Andrew Stevens companionship, cooperation, affection, assistance, and sexual relationship had the injury and wrongful death not occurred.

    4. Plaintiff on behalf of Andrew Stevens' Children, is entitled to be compensated the amount of money for losing their deceased parent's guidance, teaching, training, advice, education, care, emotional support, and moral upbringing, had the injury and wrongful death not occurred.

B. Under the second claim, concerning the decedent's damages:

    1. Plaintiff is entitled to be compensated the gross income, plus the value of fringe benefits, Andrew Stevens would have earned between the date of injury and the date of his death, and

    2. Plaintiff is entitled to be compensated Andrew Stevens' gross income, plus the value of benefits, he would have earned between the date of his death until the end of his natural life expectancy. I will explain later how to determine life expectancy. From this amount you must deduct the following:

        a. the amount Andrew Stevens would have spent on his basic living expenses, such as food, clothing, and shelter;

        b. the amount you award (pursuant to my previous instruction) to compensate for money Andrew Stevens would have spent to support his family from the time when the harm occurred until his life expectancy.

    3. Plaintiff is entitled to be compensated for all mental and physical pain, suffering, inconvenience, and loss of life's pleasures, that Andrew Stevens suffered from the date of injury until his death.

Pennsylvania Suggested Standard Civil Jury Instructions (Fourth) §7.220.

    Affirmed   _____                    Denied   _____

**<u>Plaintiff's Points for Charge No. 9:</u>**

    In order to decide the damages recoverable in this case, you must first decide the number of years the decedent would have lived had he not died as a result of this accident. According to statistics compiled by the United States Department of Health and Human Services, the average life expectancy of all persons of the decedent's age at the time of accident, sex, and race was 50.1 years. This figure is offered to you only as a guide, and you are not bound to accept it if you believe that the decedent would have lived longer or less than the average individual in his category. In reaching this decision, you are to consider the decedent's health prior to the accident, his manner of living, his personal habits, and other factors that may have affected the duration of his life.

Pennsylvania Suggested Standard Civil Jury Instructions (Fourth) §7.240;

U.S. Department of Health and Human Services, National Center for Health Statistics, National Vital Statistics Report, Volume 54, Number 14, April 19, 2006.

    Affirmed   _____            Denied   _____

**<u>Plaintiff's Points for Charge No. 10:</u>**

You may award punitive damages against Canyon Environmental, LLC, if you find that the actions of Arlan Taft:

First, were outrageous;

Second, occurred during and within the scope of Arlan Taft's duties; and

Third, were not committed to satisfy Arlan Taft's personal ill will or malice, but instead were committed with the intent to further Canyon Environmental, LLC's interests.

Pennsylvania Suggested Standard Civil Jury Instruction, 4th Edition, §8.10.

Affirmed   _____          Denied   _____

**<u>Plaintiff's Points for Charge No. 11:</u>**

    If you decide that the plaintiff is entitled to an award of punitive damages, it is your job to fix the amount of such damages. In doing so, you may consider any or all of the following factors:

        1. the character of the defendant's act,

        2. the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause; in this regard you may include the plaintiff's trouble and expense in seeking to protect her interests in legal proceedings and in this suit,

        3. the wealth of the defendant insofar as it is relevant in fixing an amount that will punish them and deter them and others from like conduct in the future.

    It is not necessary that you award compensatory damages to the plaintiff in order to assess punitive damages against the defendant, as long as you find in favor of the plaintiff and against the defendant on the question of liability.

    You must decide whether punitive damages are to be assessed against each defendant by that defendant's conduct alone, and the amount of any punitive damages assessed must be measured by your consideration of the factors I have listed as they apply to each particular defendant. While you will return your award of compensatory damages, if any, in one lump sum amount as to all defendants, you must return a separate verdict as to punitive damages, if any, against each of the defendants.

    The amount of punitive damages awarded must not be the result of passion or prejudice against the defendant on the part of the jury. The sole purpose of punitive damages is to punish the defendant's outrageous conduct and to deter the defendant and others from similar acts.

Pennsylvania Suggested Standard Civil Jury Instruction, 4th Edition, §8.20

    Affirmed   _____            Denied        _____

**<u>Plaintiff's Points for Charge No. 12:</u>**

    Punitive damages may not be awarded against a defendant under the Wrongful Death Act. However, punitive damages may be awarded under the Survival Act. You may therefore make an award of punitive damages against the defendant under the Survival Act in accordance with the instructions I have just given you on awarding punitive damages. You must return a separate verdict of punitive damages, if any, under the Survival Act and it should not be added to the other amounts you award, if any, by way of compensatory damages.

Pennsylvania Suggested Standard Civil Jury Instruction, 4th Edition, §8.30.

    Affirmed   _____             Denied   _____